UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA :

- v. - :

DAVID POLOS and :
GLEN GLOVER,
 :
          Defendants.
 :
- - - - - - - - - - - - - - - - - -x

SUPERSEDING INDICTMENT

S1 15 Cr. 692 (PGG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 0 6 2016

COUNT ONE

(Conspiracy - False Statements)

The Grand Jury charges:

### Background

1. At all times relevant to this Indictment, DAVID POLOS and GLEN GLOVER, the defendants, were employed by the Drug Enforcement Administration ("DEA"). Specifically, POLOS was an Assistant Special Agent-in-Charge, responsible for supervising the New York Organized Crime and Drug Enforcement Strike Force, a joint task force consisting of dozens of enforcement officers from numerous federal, state, and local law enforcement agencies, including the DEA, which together target large domestic and foreign suppliers and distributors of illegal narcotics, and GLOVER worked as a Telecommunications Specialist, responsible for, among other things, assisting with monitoring

Title III wiretaps. At all times relevant to this Indictment, POLOS and GLOVER typically worked regular business hours at the DEA, with their daily workdays generally covering at least the hours between 9 a.m. and 5 p.m.

2. Beginning in 2010, DAVID POLOS and GLEN GLOVER, the defendants, took ownership interests in, and began working at, an adult entertainment establishment in South Hackensack, New Jersey (the "Club"). GLOVER owned a substantial portion of the Club, and POLOS possessed a convertible ownership interest. Among other things, GLOVER and POLOS arranged for the Club's renovation, supervised other employees at the Club, and arranged for the purchase of supplies and advertising.

3. As known to DAVID POLOS and GLEN GLOVER, the defendants, the Club employed numerous workers, including dancers, who were not lawfully in the United States, and other illegal activity also took place at the Club. During early 2011, POLOS commenced an intimate relationship with one of the dancers at the Club ("Dancer-1"). Dancer-1 was not, as POLOS knew, a citizen of the United States and in fact was not lawfully in the United States.

4. As DEA employees, DAVID POLOS and GLEN GLOVER, the defendants, were required periodically to complete and sign national security forms issued by the United States government as part of an investigation into whether they could maintain

2

security clearances they needed to be able to access sensitive materials as part of their work with the DEA. Among other reasons, the United States government conducts these background investigations to ensure that individual Federal employees with access to classified or otherwise sensitive information are not vulnerable to blackmail.

5. Among other questions, the national security forms required POLOS and GLOVER to list "all" of their "employment activities, beginning with the present and working back 7 years," including "all full-time and part-time work, paid or unpaid, consulting/contracting work," and "self-employment." The national security forms also required POLOS and GLOVER each to list three people as references who knew them "well" and who were "aware" of their "activities outside of the workplace." The national security forms further required POLOS and GLOVER to disclose whether they have had "close and/or continuing contact with foreign nationals within the last 7 years" with whom they were bound by "affection, influence, and/or obligation." POLOS and GLOVER were required to sign a certification when submitting the forms that certified that all of their statements on the forms were "true, complete, and correct" to the best of their knowledge and belief; that they were "made in good faith"; and that they understood that "a knowing and willful false statement on the form can be punished by fine or imprisonment or both."

3

## The Scheme

6. From in or about May 2010 up through and including December 2011, DAVID POLOS and GLEN GLOVER, the defendants, together with others known and unknown, engaged in a scheme to submit false national security forms to the United States government in order to hide their involvement in the Club from officials who were determining whether they would maintain their national security clearances. The purpose of the scheme was to allow POLOS and GLOVER to maintain the national security clearances, a necessary part of their jobs with the DEA, and still be able to remain actively involved in the Club. As POLOS and GLOVER well knew, if their involvement in the Club were uncovered during their background investigations, their national security clearances could be denied.

7. As part of the scheme, DAVID POLOS and GLEN GLOVER, the defendants, each submitted national security forms that falsely represented that they had had no employment outside of the DEA in the previous seven years. In fact, and at the time the forms were certified, POLOS and GLOVER worked at the Club, had worked there for several months prior, and intended to continue working at the Club for the foreseeable future. POLOS's national security form also falsely represented that he had had no close or continuing contact with foreign nationals within the previous seven years, when in truth and in fact, and

4

as POLOS well knew, he had engaged in an intimate relationship with Dancer-1, a foreign national, for several months at the time of that affirmation.

8. As part of the scheme, DAVID POLOS and GLEN GLOVER, the defendants, each sat for background interviews concerning their own national security clearances during which neither of them disclosed their involvement in the Club.

9. As part of the scheme, GLEN GLOVER, the defendant, listed DAVID POLOS, the defendant, as a reference familiar with GLOVER's "activities outside of the workplace." When POLOS was interviewed during the background investigation concerning GLOVER, he was asked what GLOVER did during his spare time. POLOS responded, in sum and substance, that GLOVER exercises and spends time with his family in his spare time; POLOS did not make any mention of GLOVER's involvement in the Club.

### Statutory Allegations

10. From at least in or about August 1, 2011 through at least in or about October 2011, in the Southern District of New York and elsewhere, DAVID POLOS and GLEN GLOVER, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1001.

11. It was a part and object of the conspiracy that DAVID POLOS and GLEN GLOVER, the defendants, and others known and unknown, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly would and did falsify, conceal, and cover up by trick, scheme, and device material facts, and make materially false, fictitious, and fraudulent statements and representations, to wit, POLOS and GLOVER falsely affirmed on national security forms that, as of the dates they were filled out, they did not have outside employment activities beyond their work with the DEA, when in truth and in fact, and as POLOS and GLOVER well knew, both men had outside employment in the form of regular work at the Club.

### Overt Acts

12. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or around August 1, 2011, GLEN GLOVER, the defendant, submitted a national security form containing a false affirmation.

    b. On or around September 7, 2011, DAVID POLOS, the defendant, submitted a national security form containing a false affirmation.

c. On numerous occasions between August 1, 2011 and October 2011, DAVID POLOS and GLEN GLOVER, the defendants, placed telephone calls to each other.

d. In or about August 2011, DAVID POLOS, the defendant, concealed GLEN GLOVER's involvement in the Club when interviewed regarding his association with GLOVER by a government official located in the borough of Manhattan.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(False Statement - GLOVER'S OUTSIDE EMPLOYMENT)

The Grand Jury further charges:

13. The allegations contained in Paragraphs 1 through 9 and 12 are realleged and incorporated by reference as if fully set forth herein.

14. On or about August 1, 2011, GLEN GLOVER, the defendant, in the Southern District of New York and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly did falsify, conceal, and cover up by trick, scheme, and device material facts, and did make materially false, fictitious, and fraudulent statements and representations, to wit, GLOVER falsely affirmed on a national security form that, as of that date, he had not had outside employment beyond his work with the DEA for the previous seven years, when in truth and in fact, and

as GLOVER well knew, he had outside employment in the form of regular work at the Club.

(Title 18, United States Code, Section 1001.)

## COUNT THREE

**(False Statement - POLOS'S OUTSIDE EMPLOYMENT)**

The Grand Jury further charges:

15. The allegations contained in Paragraphs 1 through 9 and 12 are realleged and incorporated by reference as if fully set forth herein.

16. On or about September 7, 2011, in the Southern District of New York and elsewhere, DAVID POLOS, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly did falsify, conceal, and cover up by trick, scheme, and device material facts, and did make materially false, fictitious, and fraudulent statements and representations, to wit, POLOS falsely affirmed on a national security form that, as of that date, he had not had outside employment beyond his work with the DEA for the previous seven years, when in truth and in fact, and as POLOS well knew, he had outside employment in the form of regular work at the Club.

(Title 18, United States Code, Section 1001.)

## COUNT FOUR

(False Statement - POLOS'S RELATIONSHIP WITH FOREIGN NATIONAL)

The Grand Jury further charges:

17. The allegations contained in Paragraphs 1 through 9 and 12 are realleged and incorporated by reference as if fully set forth herein.

18. On or about September 7, 2011, in the Southern District of New York and elsewhere, DAVID POLOS, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly did falsify, conceal, and cover up by trick, scheme, and device material facts, and did make materially false, fictitious, and fraudulent statements and representations, to wit, POLOS falsely affirmed on a national security form that, as of that date, he had not had close or continuing contact with foreign nationals within the previous seven years, when in truth and in fact, and as POLOS well knew, he had engaged in an intimate relationship with a foreign national for several months at the time of that affirmation.

(Title 18, United States Code, Section 1001.)

_____          _____
FOREPERSON    1/6/16              PREET BHARARA
                                  UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

DAVID POLOS and GLEN GLOVER,

Defendants.

---

INDICTMENT

S1 15 Cr. 692 (PGG)

(18 U.S.C. §§ 371, 1001.)

*[signature]*
1/6/16

PREET BHARARA
United States Attorney.

---

1/6/16 - Filed Superseding Indictment
ac

*[signature]* J Peak
USMJ